UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

               Plaintiff,

   v.

AMANDEEP SINGH MULTANI,

               Defendant.

CASE NO. 2:25-cr-00219-JNW

**ORDER DENYING MOTION TO REOPEN DETENTION, DKT. 22, AND GRANTING MOTIONS TO SEAL, DKT. 21 AND DKT. 26.**

Before the Court is Defendant's motion to reopen detention. Dkt. 22. The government has responded and opposes the motion. Dkt. 25. Both parties have moved to seal documents in support of their respective pleadings. Having considered the pleadings and the record, the Court **ORDERS:**

    1.     The motions to seal are **GRANTED**. Dkt. 21 (Defendant's motion), and Dkt. 26 (government's motion)

    2.     The motion to reopen detention, Dkt. 22, is **DENIED.**

On October 16, 2025, the government filed a complaint accusing Defendant of Abusive Sexual Contact with a Child under the age of 12. The complaint averred Defendant cornered an

ORDER DENYING MOTION TO REOPEN
DETENTION, DKT. 22, AND GRANTING
MOTIONS TO SEAL, DKT. 21 AND DKT. 26.
- 1

11-year-old girl in the bathroom during a flight, asked if she wanted to be his girlfriend, tried to kiss her, and touched her upper breasts.

3.      After conducting a detention hearing, the Court ordered Defendant detained on the grounds he posed a risk of danger based on the nature of the offense and posed a risk of nonappearance because he lacked a viable release plane, had irregular employment and possessed a Canadian passport.

4.      On January 22, 2026, Defendant moved to reopen detention arguing there is new evidence supporting release. Under 18 U.S.C. § 3142(f) detention may be reopened if the Court finds "that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

5.      At the detention hearing Defendant suggested he be released to Indiana to a residence in which his sister, Ms. Kaur resides; the home is owned by Gurdev Singh a brother-in-law. Ms. Kaur lives in Canada. Defendant also lives in Canada and there was no evidence he had ties to Indiana or to this district. The Court rejected Defendant's release plan. Defendant now suggests a release plain in which his sister Ms. Kaur will pay for an apartment in Seattle, in which Defendant will reside. Alternatively, he suggests he can be released to live with another brother-in-law, Hardev Singh, in New York. Hardev Singh according to the government is a long-haul truck driver and would be absent from his residence in New York for significant periods of time. The government also contends Hardev resides a few blocks from an elementary school and release to this residence would inappropriate given the nature of the alleged offense.

ORDER DENYING MOTION TO REOPEN
DETENTION, DKT. 22, AND GRANTING
MOTIONS TO SEAL, DKT. 21 AND DKT. 26.
- 2

6.    Defendant also contends that as he is a Canadian citizen, his detention has been difficult "without any family nearby that can visit him."  He also contends he should be released because he has no criminal history or substance use issues.

7.    The government correctly points out some of the grounds Defendant presents to reopen detention are not based upon new evidence, and further Defendant was properly found to be both a danger and a risk of flight and should therefore be detained and his proposed release plan to not alter this finding. Defendant proposed release to the Indiana residence at the detention hearing and his request to reopen for release to that residence is not new evidence. Likewise, Defendant's lack of criminal history, lack of substance abuse problems, and distance from family members in Canada and India were facts that he knew about or should have known about at the time of the detention hearing, and not new evidence to reopen the detention hearing.

Further, one would think Defendant knew his brother-in-law lived in New York, and thus it is highly questionable that Defendant's request to be released to that city is new evidence. The Court also finds release to New York is not material evidence mitigating Defendant's risk of flight or danger to the community. New York is thousands of miles from Seattle. Defendant's brother-in-law lives close a school with minors and will often be away from his home while working. Defendant is accused of committing a crime on a plane and release to New York will likely require him to fly back and forth to Seattle. All of these factors cut against a reduction of danger or flight risk.

8.    However, Ms. Kaur's offer to pay for an apartment in Seattle is new evidence. The Court finds Ms. Kaur's offer is not material evidence mitigating risk of flight or danger to the community, and insufficient to reopen detention. Defendant and his family members have no ties to Seattle and all live in other states or other countries. Defendant's sister has offered to visit

ORDER DENYING MOTION TO REOPEN
DETENTION, DKT. 22, AND GRANTING
MOTIONS TO SEAL, DKT. 21 AND DKT. 26.
- 3

him in Seattle for several months but as she is a Canadian citizen her ability to supervise Defendant is limited. Defendant submits his parents could visit him from India, but they also can only provide limited supervision. The government also correctly points out Defendant has a powerful motive to flee. His admission to the United States as a visitor has expired and he has no legal status in the country. Defendant's claim he could find work if released is undercut by his lack of legal status, which likely will make it impossible to work in the country. Defendant thus has a strong incentive to flee the country rather than be taken into immigration detention pending the outcome of his criminal case, and a strong incentive to flee to avoid the possibility that he may be imprisoned for many years if convicted of the charges filed against him.

9.     The Court accordingly denies Defendant's request to reopen detention.

DATED this 20th day of February, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING MOTION TO REOPEN
DETENTION, DKT. 22, AND GRANTING
MOTIONS TO SEAL, DKT. 21 AND DKT. 26.
- 4